**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

NOEL ANDRES BLANDON                )
TALAVERA,                          )
                                   )
              Petitioner,        )
                                   )
v.                                 )        Case No. CIV-26-651-R
                                   )
TODD BLANCHE, et al.,              )
                                   )
              Respondents.       )

## ORDER

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell, who issued a Report and Recommendation [Doc. No. 10] recommending the Court grant the Petition in part and order Respondents to immediately release Petitioner. Respondents filed an Objection [Doc. No. 11] to which Petitioner responded [Doc. No. 12]. The Court will now conduct a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Petitioner was previously apprehended by ICE and released on his own recognizance under § 1226. Judge Mitchell found Petitioner is detained pursuant to § 1226 and Respondents have not identified a change in circumstances that required revocation of his conditional release. Judge Mitchell further found Petitioner's continued detention violates his procedural due process rights. She ultimately recommends that this Court

1

should order Petitioner's release due to both (1) the misapplication of the INA to his detention and (2) the ongoing due process violations.

Respondents object to Judge Mitchell's conclusion that Petitioner is detained pursuant to 8 U.S.C. § 1226(a).[1] Upon de novo review, and in accordance with the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026), the Court concludes § 1226(a) governs Petitioner's detention.

Respondents argue that if this Court finds Petitioner is detained pursuant to § 1226, it should limit Petitioner's relief to what he is due pursuant to § 1226: a bond hearing.[2] This Court agrees with Respondents. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226— namely, an individualized bond hearing before an IJ."); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026) ("The proper remedy is an individualized bond hearing before an Immigration Judge exercising jurisdiction under

---

[1] Though Petitioner does not explicitly bring a claim against Respondents for a violation of § 1226, the Court finds the Petition fairly encompasses the statutory issue of whether Petitioner is detained pursuant to § 1225 or § 1226.

[2] Notably, Petitioner requests an individualized bond hearing as relief alternative to his immediate release.

§ 1226(a).").[3] And, "[b]ecause the Court grants habeas relief to Petitioner on the basis of his statutory claim and directs that Petitioner be provided a bond hearing in accordance with § 1226(a), the Court declines to address the due process claim[]." *Carranza-Mejia v. Noem*, No. CIV-26-076-SLP, 2026 WL 483650, at *2 (W.D. Okla. Feb. 20, 2026).

Accordingly, the Report and Recommendation of Judge Mitchell is PARTIALLY ADOPTED. The Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED in part[4] and Respondents are directed to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release him if he has not received such a hearing within that period.[5] Respondents shall certify their compliance with this Order.

---

[3] Though Petitioner claimed in his Petition that his re-detention absent materially changed circumstances also violates 8 C.F.R. § 236.1(c), he states in his Response to the Government's Objection that he does *not* assert an independent habeas claim based on § 236.1(c). Section 236.1(c) indicates a noncitizen may be released if he demonstrates he is not a danger and is likely to appear for future proceedings. § 236.1(c)(8). It further provides that a noncitizen's release may be revoked at any time in the discretion of certain officers. § 236.1(c)(9). Judge Mitchell recommends Petitioner's immediate release, seemingly because of Respondents' failure to identify changed circumstances. Given that this Court concludes Petitioner is entitled to relief pursuant to § 1226(a), based on this record and the briefing now before it the Court finds the proper relief for Petitioner is a bond hearing pursuant to § 1226.

[4] Neither Petitioner nor Respondents object to Judge Mitchell's finding that this Court cannot grant Petitioner relief pursuant to his APA claim. The Court accordingly does not grant relief pursuant to such a claim.

[5] "At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework." *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026). Although Petitioner is entitled to a custody determination hearing, the Court declines to prospectively specify or alter the burden of proof at this stage. *Id. See also Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings.").

IT IS SO ORDERED this 15th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE